Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 CR 924 - 1 | **DATE** | 5/8/2003 |
| **CASE TITLE** | USA vs. MAURICE RAMSEY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Maurice Ramsey's amended motion to withdraw guilty plea is denied. Sentencing is set for June 17, 2003 at 11:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | MAY - 9 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | IS docketing deputy initials | 106 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 01 CR 924 |
| v. ) | |
| ) | Honorable John W. Darrah |
| MAURICE RAMSEY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On June 3, 2002, Defendant, Maurice Ramsey ("Ramsey"), appeared before this Court and pled guilty to two counts of uttering and possessing a counterfeited security in violation of 18 U.S.C. § 513(a). Ramsey made a "blind" plea, meaning that there was no written plea agreement. Ramsey subsequently filed an Amended Motion to Withdraw Guilty Plea. For the reasons that follow, Ramsey's Amended Motion to Withdraw Guilty Plea is denied.

## BACKGROUND

At the June 3, 2002 plea hearing, after questioning Ramsey and counsel, the Court found that Ramsey was competent to plead guilty. Both the Assistant United States Attorney prosecuting this case and Ramsey's then-counsel, Ronald Clark, stated that they believed that Ramsey was competent to enter a plea of guilty.

In response to the Court's questions, Ramsey testified, under oath, as follows.

THE COURT: Mr. Ramsey, have you had enough time to discuss this matter with Mr. Clark, your lawyer?
THE DEFENDANT: Yes, Your Honor.
THE COURT: Are you satisfied with the advice and the efforts of Mr. Clark on your behalf as your attorney?



> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Now, there was an issue earlier on in these proceedings when you corresponded with me. Do you recall that?
> THE DEFENDANT: Yes.
> THE COURT: And you raised some questions about the representation you were receiving from Mr. Clark. Do you still have those fears?
> THE DEFENDANT: No, Your Honor.
> THE COURT: Do you still have those concerns?
> THE DEFENDANT: No.
> THE COURT: Is there anything about the representation Mr. Clark has afforded you that you think has been less than adequate?
> THE DEFENDANT: No, Your Honor.
> THE COURT: You believe that he has served your interests as your lawyer and done that well?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Are you satisfied with his advice and with the efforts he's made on your behalf in this case?
> THE DEFENDANT: Yes, Your Honor.

(Tr. at 5-6.)

The Court then asked Ramsey whether he intended to plead guilty to Counts 1 and 10 of the superseding indictment, and Ramsey stated that he did. Ramsey also stated that his attorney had explained the nature of the charges set out in Counts 1 and 10. The Court then questioned Ramsey as follows.

> THE COURT: Mr. Ramsey, do you understand the nature of the charges set out in Count 10?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Do you have any question at all about the nature of the charges in Count 10?
> THE DEFENDANT: No, Your Honor.
> THE COURT: Do you have any question at all about the nature of the charges in Count 1?
> THE DEFENDANT: No, Your Honor.

(Tr. at 8.)

The Court then explained to Ramsey that he was waiving his right to a jury trial by pleading

guilty to Counts 1 and 10. The Court questioned Ramsey, in pertinent part, as follows.

> THE COURT: *In addition, by pleading guilty you are abandoning any pretrial motions* or any objections that you may have made or could have made on your behalf or could have been made on your behalf during the trial of these proceedings. Do you understand that you're giving up those rights as well?
> THE DEFENDANT: Yes.
> THE COURT: Mr. Ramsey, if you plead guilty and I accept your plea of guilty, there will not be a trial on your case, and I will enter a finding of guilty and sentence you on the basis of your plea after considering a presentence investigation report, after hearing from your lawyer, after hearing from the government lawyer and after hearing from you yourself if you choose to make a statement. Do you understand that would be the effect of entering a plea of guilty?
> THE DEFENDANT: Yes.
>
> . . .
>
> THE COURT: Mr. Ramsey, do you have any questions at all regarding the procedures that we've discussed up until this moment?
> THE DEFENDANT: No, sir.

(Tr. at 11-12, 13) (emphasis added).

After a discussion of the statutory maximum and minimum sentences, the Court questioned Ramsey as follows.

> THE COURT: Mr. Ramsey, has anyone forced you in any way to plead guilty?
> THE DEFENDANT: No, Your Honor.
> THE COURT: Has anyone threatened you in any regard to cause you to plead guilty?
> THE DEFENDANT: No, sir.
> THE COURT: Is it your decision to plead guilty and your decision entirely voluntary on your part after discussing this matter with Mr. Clark, your attorney?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Have there been any promises made to you by your attorney regarding sentencing?
> THE DEFENDANT: No, Your Honor.
> THE COURT: You understand that it must be your decision and your decision alone to plead guilty regardless of any advice you've been given by Mr. Clark? Is that the case?
> THE DEFENDANT: Yes.
> THE COURT: And you understand that it will be my decision, this court's decision, as to what the final sentence will be?
> THE DEFENDANT: Yes.

(Tr. at 14-15.) Following a summary of the factual bases for Ramsey's plea of guilty to Counts 1 and 10, the Court questioned Ramsey as follows.

> THE COURT: Mr. Ramsey, you have heard what the government's evidence would show if this case were to go to trial. Is that statement true?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Do you disagree with any part of that statement?
> THE DEFENDANT: No, sir.
> THE COURT: Mr. Ramsey, are you in fact guilty of the offenses charged in Counts 1 and 10 of the indictment?
> THE DEFENDANT: Yes.
> THE COURT: Bearing in mind everything we've discussed here today, bearing in mind the rights you have to go to trial, bearing in mind the possible penalties for commissions of those offenses as set out in Counts 1 and 10, what is your plea to the offense set out in Count 1, guilty or not guilty?
> THE DEFENDANT: Guilty.
> THE COURT: What is your plea to the offense set out in Count 10?
> THE DEFENDANT: Guilty.
> THE COURT: I find that the defendant has acknowledged that he is in fact guilty. I find there's a sufficient factual basis to support pleas of guilty as to both counts and that his acknowledgment as to both counts has been made. I find that he is knowledgeable regarding his rights to trial, knowledgeable of the maximum punishments provided under the statute. I find that his plea was freely and voluntarily given. I find that he has had the effective assistance of counsel.
> The plea of guilty is accepted. A finding of guilty is accepted as to both Counts 1 and 10.

(Tr. at 17-18.)

In a letter addressed to the Court, Ramsey moved to withdraw his guilty plea. Appointed counsel then filed an Amended Motion to Withdraw Guilty Plea. The Government has filed a response.

## ANALYSIS

A defendant does not have an absolute right to withdraw a guilty plea. *United States v. Pike*, 211 F.3d 385, 388 (7th Cir. 2000). Under Federal Rule of Criminal Procedure 11(d), "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if:

. . . the defendant can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B). The defendant bears the burden of justifying relief under Rule 11(d). *Pike*, 211 F.3d at 388. In determining whether relief under Rule 11(d) is justified, a court will consider the following factors: "'(1) whether the defendant asserts his innocence; (2) whether the government would be prejudiced by withdrawal; and (3) the strength of the defendant's reasons for moving to withdraw.'" *United States v. Martinez*, 785 F.2d 111, 114 (3d Cir. 1986) (quoting *United States v. Trott*, 779 F.2d 912, 915 (3d Cir. 1985)).

Ramsey argues that relief under Rule 11(d) is justified because he is innocent and that he pled guilty due to his mistaken belief that he would be able to file motions to suppress. Ramsey states that on June 3, 2002, Clark assured him that, if he proceeded to trial, he would lose and advised him to take a blind plea. Ramsey further states that Clark told Ramsey that Clark would prepare and file suppression motions and that a hearing on those motions would be scheduled before the sentencing hearing. In a letter to Clark dated July 9, 2002, Ramsey wrote that "you was [sic] suppose [sic] to come see me last week to discuss with me about the plea I took, and to prepare me to take the stand on the suppression hearings. . . . I need to be prepared for my position for the motion hearing. . . . Don't forget to file the probable cause motion . . . ." (Def.'s Am. Mot. Withdraw Guilty Plea Ex. A.)

Ramsey has failed to show a fair and just reason for requesting the withdrawal of his guilty plea. At the Rule 11 hearing, the Court engaged in an extensive colloquy with Ramsey to determine that he was competent to plead guilty and that his guilty plea was knowing and voluntary. During the Rule 11 hearing, Ramsey stated that: (1) he was satisfied with Clark's representation and advice; (2) he understood the nature of the charges against him; (3) he was abandoning any pretrial motions that were, or could have been, filed; (4) he had not been threatened or forced to plead guilty; (5) his

attorney had not made any promises to him regarding sentencing; and (6) he was, in fact, guilty of the offenses set out in Counts 1 and 10. When directly asked whether he had any questions regarding the procedures that the Court was explaining to him, Ramsey replied in the negative.

Ramsey's claim that he now believes that he would be able to file motions to suppress after his entry of a guilty plea is not a fair and just reason for withdrawal of his guilty plea and is contrary to the record. During the colloquy with Ramsey at the Rule 11 hearing as set out above, the Court specifically advised Ramsey that by pleading guilty he was giving up the right to file any pretrial motions. When asked whether he understood that he was giving up those rights, Ramsey stated that he did. The record that is created at a Rule 11 hearing is accorded a "presumption of verity." *United States v. Truss*, 961 F.2d 685, 689 (7th Cir. 1992). The district court must be able to rely on the defendant's sworn testimony at the Rule 11 proceeding. *United States v. Gwiadzinski*, 141 F.3d 784, 788 (7th Cir. 1998). Ramsey has not submitted any facts that would undermine that presumption of verity.

While "[b]eing legally innocent of a crime is a fair and just reason to withdraw a guilty plea . . . a blanket claim of innocence does not mandate the court to allow a defendant to withdraw his plea. . . . The claim must be supported by credible evidence." *United States v. Gomez-Orozco*, 188 F.3d 422, 425 (7th Cir. 1999) (internal citations omitted). It should be noted that, despite his averment in his Amended Motion to Withdraw Guilty Plea, Ramsey does not claim that he is innocent. Rather, Ramsey claims that if he were able to file motions to suppress he would prevail and would not have to enter a guilty plea. However, even if Ramsey were claiming that he was innocent, he would have to submit evidence to support his claim of innocence, which he has not done. Moreover, at his Rule 11 hearing, Ramsey admitted that he understood the nature of the

charges against him and that he was in fact guilty of the offenses charged in Counts 1 and 10. "[A] defendant's bare protestations of innocence – especially after a knowing and voluntary guilty plea in a thorough Rule 11 colloquy – will not suffice . . . When a defendant makes no more than naked claims of innocence, a court need not allow the defendant to withdraw his guilty plea . . . ." *United States v. Hodges*, 259 F.3d 655, 661 (7th Cir. 2001). Thus, Ramsey's claim of innocence also does not show a fair and just reason to permit withdrawal of his guilty plea.

Finally, Ramsey argues that the Government would not be prejudiced because "counsel for the defendant is aware of no evidentiary problems that the [G]overnment would have[,] such as witnesses not being available." (Am. Mot. Withdraw Guilty Plea ¶ 7.) However, because Ramsey has failed to provide a fair and just reason for withdrawal of a guilty plea, "there is no basis for considering if a plea withdrawal would prejudice the [G]overnment." *United States v. Alvarez-Quiroga*, 901 F.2d 1433, 1439 (7th Cir. 1990).

## CONCLUSION

For the reasons stated herein, Maurice Ramsey's Amended Motion to Withdraw Guilty Plea is denied.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: May 8, 2003